Shauck, C. J.
It is said that the petition failed to state a cause of action because the plaintiff's claim was for damages resulting from the making of a street improvement, and it was not alleged that the plaintiff had, before the bringing of the suit, filed his claim with the proper officers of the city as required by the law governing such cases. But the amended petition was complete within itself. ‘ It did not purport to be an amendment to the former petition, nor did it by reference’ adopt any of its allegations or aver that the claim was for damages resulting from a street improvement. The former petition having been abandoned, it can not be referred to in determining the character of the action. Raymond, v. Railway Company, 57 Ohio St., 271.
But it appears that in the further progress of the case the effect of the facts alleged in the original petition must be determined. Those facts are, that the city took the prescribed steps for the improvement of Sixth street by grading and paving, and the construction of drains and sewer according to plans, specifications and profiles which had been prepared and approved, and for assessing the cost of the improvement upon the abutting property which included the property of the plain *44 tiff. As an incident to said improvement, the city at a point near to, but not in front of the plaintiffs premises, changed the natural channel of a flowing stream of water by constructing an underground way therefor'and constructed the same with insufficient space for the passage of the stream, and thereafter permitted the space provided to become and remain obstructed, by reason whereof the water of the stream overflowed his premises occasioning injury thereto, on account of which he seeks to recover. It is not alleged that a claim on account of such injury was filed with the city before the bringing of the suit, and that omission, counsel for the city say, is fatal to the petition, because of the provisions of Section 2326, Revised Statutes. The pertinent provision of the section is, “No person who claims damages, arising from any cause, shall commence a suit therefor against the corporation until he files a claim for the same with the clerk of the corporation, and sixty days elapse thereafter, to enable the corporation to take such steps as it may deem proper to settle or adjust the claim * * This provision in words not materially different was introduced into the legislation of the state by .the act of May 7, 1869, it being Section 575 of that act (66 O. L., 247). It provides that: “No claimant for damages shall commence any suit until he shall have filed a claim therefor with the clerk of the corporation, and sixty days have elapsed thereafter * * /As was shown in the case of ■ the City of Warren v. Davis, 43 Ohio St., 447, the different language employed in the revision does not change the meaning or scope of the original section. This conclusion resulted from the application to the *45 case of the doctrine previously announced in the State, ex rel., v. The Commissioners of Shelby County, 36 Ohio St., 326, that changes in the words employed in the revision of statutes will not justify a change in their interpretation, unless it is plainly required to conform to the manifest intention of the legislature in making the revision. It can not be supposed that either in the original enactment or in its revision there was in contemplation all the numerous duties of municipalities or the liabilities which, in all conceivable contingencies, might arise from their defaults; and it follows that the damages in contemplation must be deemed to be such only as arise from the subject-matter of the legislation. The subject-matter of the legislation is street improvements. The ultimate point decided in Warren v. Davis was that this legislation did not include damages for a personal injury resulting from the negligent construction of a street. The injury for which the plaintiff below in the present case sought to recover, did not arise from' a change of grade in front of his property so as to interfere with his means of ingress and egress thereto, nor for any other result that would obviously and naturally follow the making of the improvement. The plaintiff’s action is to recover damages from the city for a nuisance occasioned by it. According to the allegations of the pleadings it not only failed to make adequate provision for the carrying away of the water, whose natural flow it had obstructed and diverted, but the inadequate provisions which it did make were permitted, by its continued neglect, to become obstructed and still more inadequate by reason of accumulations of sand and gravel. *46 The plaintiff's action is, therefore, simply for a continuing nuisance, and that can not be regarded as included in the legislation referred to any more than could an action for a personal injury.
The circuit court properly determined that the petition states a cause of action and its judgment will be

Affirmed.

Price, Crew, Summers, Spear and Davis, JJ., concur.